**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**NANCY DUSHAME,**

**Plaintiff,**

**v.**

**MICHAEL J. ASTRUE,**
**Commissioner, Social Security Administration,**

**Defendant.**

**07-CV-6052-BR**

**OPINION AND ORDER**

**KATHRYN TASSINARI**
**BRENT WELLS**
Harder Wells Baron & Manning, PC
474 Willamette Street
Suite 200
Eugene, OR 97401
(541) 434-6466

Attorneys for Plaintiff

**KAREN J. IMMERGUT**
United States Attorney
**BRITANNIA I. HOBBS**
Assistant United States Attorney
1000 S.W. Third Avenue
Suite 600
Portland, OR 97204-2902
(503) 727-1053

**MICHAEL MCGAUGHRAN**
Office of the General Counsel
**RICHARD M. RODRIGUEZ**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue
Suite 2900 M/S 901
Seattle, WA 98104-7075
(206) 615-3748

Attorneys for Defendant

**BROWN, Judge.**

Plaintiff Nancy Dushame seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which he denied Plaintiff's application for disability insurance benefits (DIB) under Title II of the Social Security Act. This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g).

Following a review of the record, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

## ADMINISTRATIVE HISTORY

Plaintiff filed her application for DIB on March 22, 2001, and alleged a disability onset date of March 16, 2001. Tr. 96-98.[1] The application was denied initially and on reconsideration. Tr. 79-80. An Administrative Law Judge (ALJ)

---

[1] Citations to the official transcript of record filed by the Commissioner on June, 13, 2007, are referred to as "Tr."

held a hearing on June 10, 2003. At the hearing, Plaintiff was represented by an attorney. Plaintiff, one lay witness, and a vocational expert (VE) testified. Tr. 39-78.

The ALJ issued a decision on July 22, 2003, in which she found Plaintiff was not entitled to benefits. Tr. 13-23. That decision became the final decision of the Commissioner on November 14, 2003, when the Appeals Council denied Plaintiff's request for review. Tr. 7-12.

Plaintiff appealed the decision of the Commissioner to this Court, and on December 28, 2004, Magistrate Judge Dennis James Hubel issued an Opinion and Order in which he found the ALJ erred because she did not address Plaintiff's complaints of Irritable Bowel Syndrome (IBS). Magistrate Judge Hubel remanded the matter to the Commissioner to address the effects, if any, IBS imposed on Plaintiff's ability to perform her past relevant work or any other work.

On November 10, 2005, the ALJ conducted a new hearing at which Plaintiff, a lay witness, and a VE testified. The ALJ issued a decision on November 22, 2006, in which she found Plaintiff was able to return to her past relevant work with limitations associated with her IBS, and, therefore, Plaintiff was not entitled to benefits. Tr. 426-27. Plaintiff did not request review of the ALJ's decision by the Appeals Council. The decision of the ALJ, therefore, became the final decision of the

Commissioner.

## BACKGROUND

Plaintiff was born on April 20, 1960; was 43 years old at the time of the first hearing; and was 45 years old at the time of the second hearing. Tr. 43, 177. Plaintiff graduated from college with a degree in business administration. Tr. 43. Plaintiff has past relevant work experience as both a part-time and full-time police/telecommunication dispatcher. Tr. 44.

Plaintiff alleges disability due to fibromyalgia, IBS, sleep disorder, chronic iritis, right-shoulder impingement, adult-onset asthma, and osteoarthritis. Tr. 113, 499.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. Plaintiff, however, contends the ALJ erred when she (1) improperly rejected Plaintiff's testimony; (2) improperly rejected the opinion of Jason Phillips, M.D., treating physician; and (3) improperly concluded Plaintiff retains the ability to perform her past relevant work as a part-time dispatcher. After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence. *See* Tr. 420-26.

## STANDARDS

The initial burden of proof rests on the claimant to

establish disability. *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005). To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner bears the burden of developing the record. *Reed v. Massanari*, 270 F.3d 838, 841 (9th Cir. 2001).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). “Substantial evidence means more than a mere scintilla, but less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)(internal quotations omitted).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Robbins*,

466 F.3d at 882. The Commissioner's decision must be upheld even if the evidence is susceptible to more than one rational interpretation. *Webb v. Barnhart*, 433 F.3d 683, 689 (9th Cir. 2005). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

**DISABILITY ANALYSIS**

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). *See also* 20 C.F.R. § 404.1520. Each step is potentially dispositive.

In Step One, the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). *See also* 20 C.F.R. § 404.1520(a)(4)(I).

In Step Two, the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 404.1520(a)(4)(ii).

In Step Three, the claimant is disabled if the Commissioner determines the claimant’s impairments meet or equal one of

a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 404.1520(a)(4)(iii). The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant’s RFC. The claimant’s RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. § 404.1520(e). *See also* Social Security Ruling (SSR) 96-8p. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Smolen v. Chater*, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996). The assessment of a claimant's RFC is at the heart of Steps Four and Five of the sequential analysis engaged in by the ALJ when determining whether a claimant can still work despite severe medical impairments. An improper evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a finding of 'disabled' and 'not disabled.'" SSR 96-8p, at *4.

In Step Four, the claimant is not disabled if the

Commissioner determines the claimant retains the RFC to perform work he has done in the past. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 404.1520(a)(4)(iv).

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 404.1520(a)(4)(v). Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can do. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1).

## ALJ'S FINDINGS

At Step One, the ALJ found Plaintiff had not engaged in substantial gainful activity during the relevant period. Tr. 420.

At Step Two, the ALJ found Plaintiff has severe impairments of obesity, a history of knee injuries and osteoarthritis, a history of right-shoulder impingement, migraine headaches, fibromyalgia, asthma, IBS, a limb strength discrepancy, and

sacroiliac joint dysfunction. Tr. 420.

At Step Three, the ALJ concluded Plaintiff's impairments do not meet or equal the criteria for any Listed Impairment from 20 C.F.R. part 404, subpart P, appendix 1. The ALJ found Plaintiff is able to perform light work, but she is restricted in her ability to climb ropes, ladders, or scaffolds as well as in her ability to work in an environment in which there is a "high level of dust or air pollution." Tr. 424. The ALJ also found Plaintiff would need access to a bathroom due to the diarrhea associated with her IBS and would be limited to working 20 hours per week. Tr. 424.

At Step Four, the ALJ found Plaintiff was capable of performing her past relevant work as a part-time dispatcher for 20 hours per week. Tr. 426. Accordingly, the ALJ found Plaintiff is not disabled and, therefore, is not entitled to benefits. Tr. 427.

## DISCUSSION

As noted, Plaintiff contends the ALJ erred when she (1) improperly rejected Plaintiff’s testimony; (2) improperly rejected the opinion of Dr. Phillips, a treating physician; and (3) improperly concluded Plaintiff retains the ability to perform her past relevant work as a part-time dispatcher.

**I. The ALJ gave clear and convincing reasons for rejecting Plaintiff's testimony.**

Plaintiff alleges the ALJ erred when she failed to give clear and convincing reasons for rejecting Plaintiff's testimony.

In *Cotton v. Bowen,* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony: The claimant must produce objective medical evidence of an impairment or impairments, and he must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom. *Cotton*, 799 F.2d 1403, 1407 (9th Cir. 1986). The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity. *Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's pain testimony only if he provides clear and convincing reasons for doing so. *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)). General assertions that the claimant's testimony is not credible are insufficient. *Id*. The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester*, 81 F.3d at 834).

The ALJ found Plaintiff produced objective medical evidence of the severe impairments of obesity, a history of knee injuries

and osteoarthritis, fibromyalgia, asthma, a history of right-shoulder impingement, migraine headaches, IBS, a limb strength discrepancy, and sacroiliac joint dysfunction.

The ALJ, however, found Plaintiff's testimony about the intensity and limiting effects of her symptoms was not entirely credible. The ALJ noted Plaintiff worked two hours a day, five days per week, plus she exercised three times a week for 30 minutes each time. Tr. 425. The ALJ also noted Plaintiff takes her child to Girl Scouts, drives to town three or four times per week, reads and keeps scrapbooks, camps, and traveled for three weeks in Europe. Tr. 20-21. The ALJ found Plaintiff had "secondary gain motivation" and "financial reasons for lack of motivation for a work return" because between Plaintiff's earnings and her disability payment from PERS, Plaintiff has an income nearly the equivalent to the amount she was earning at her part-time employment prior to her alleged onset of disability. Tr. 425.

With respect to the medical evidence, the ALJ noted K. Clair Anderson, M.D., an examining physician, reported Plaintiff had a normal gait, was able to sit comfortably, could change position without hesitation or discomfort, and had a full range of motion during testing in September 2001. Tr. 236-39, 424. The ALJ also noted Karl R. Smith, M.S. Ed., C.R.C., concluded in a November 2001 vocational evaluation that Plaintiff "could return to work

in a stabilized position at least up to 30 hours a week." Tr. 21, 178. Smith noted Plaintiff indicated she would "very much like to return to a part-time, 20-30 hour week." Tr. 21, 178. In addition, Craig D. McNabb, M.D., a treating physician, noted on February 5, 2003, that Plaintiff was able to ambulate without difficulty, and testing established Plaintiff had 5/5 strength in her lower extremities. Tr. 327-29, 425. Thus, the ALJ found "objective medical findings [for Plaintiff] continued to be in the normal range in 2005." Tr. 425. For example, one chart note dated on April 13, 2005, from Good Samaritan Internal Medicine, treating physicians, indicates testing established Plaintiff was able to heel/toe walk, had a steady gait and good range of motion, and had a negative result on her straight leg-raising test. Tr. 425, 704.

On this record, the Court finds the ALJ provided clear and convincing reasons supported by substantial evidence in the record for finding Plaintiff's testimony not entirely credible as to the intensity, persistence, and limiting effects of her conditions. The Court, therefore, concludes the ALJ did not err when she rejected Plaintiff's testimony in part.

## II. The ALJ gave specific and legitimate reasons for rejecting the opinion of Dr. Phillips.

Plaintiff contends the ALJ erred when she rejected the opinion of Dr. Phillips, a treating physician.

An ALJ may reject an examining or treating physician’s

opinion when it is inconsistent with the opinions of other treating or examining physicians if the ALJ makes "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Thomas*, 278 F.3d at 957 (quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). When the medical opinion of an examining or treating physician is uncontroverted, however, the ALJ must give "clear and convincing reasons" for rejecting it. *Thomas*, 278 F.3d at 957. *See also Lester*, 81 F.3d at 830-32.

A nonexamining physician is one who neither examines nor treats the claimant. *Lester*, 81 F.3d at 830. "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." *Id.* at 831. When a nonexamining physician's opinion contradicts an examining physician's opinion and the ALJ gives greater weight to the nonexamining physician's opinion, the ALJ must articulate his reasons for doing so. *See, e.g., Morgan v. Comm'r of Soc. Sec. Admin*, 169 F.3d 595, 600-01 (9th Cir. 1999). A nonexamining physician's opinion can constitute substantial evidence if it is supported by other evidence in the record. *Id.* at 600.

On October 20, 2005, Dr. Phillips opined in a letter to Plaintiff's counsel:

> I do not feel that the patient will be able to work more than a few hours a day in the

> foreseeable future, secondary to the disability caused by her fibromyalgia and migraine headaches. She is currently working two hours on most days of the week and I do not foresee that she will be able to work substantially more than this in the foreseeable future. I do not feel the reasonable expectations of an employer can be met by the patient. In a competitive, non-exertional work environment, I would expect that she would require excessive breaks and have excessive absenteeism; *i.e.*, more than two days per month, due to her disability.

Tr. 734. Dr. Phillips also noted Plaintiff requires frequent rest breaks while working: "[I]t is more than the three usual breaks that would occur in a normal 8-hour workday." Tr. 734. He had "no suspicion that [Plaintiff] is malingering." Tr. 734.

The ALJ rejected Dr. Phillips's opinion in part on the grounds that the ALJ already had incorporated Plaintiff's fatigue limitations by restricting her to working 20 hours per week. In addition, the ALJ noted Dr. Phillips entered into the area of vocational counseling "for which he does not have credentials" when he opined as to the reasonable expectations of an employer. Tr. 426. The ALJ also found Dr. Phillips's opinions regarding Plaintiff's need for excessive breaks and possible absenteeism were based solely on Plaintiff's representations, and the ALJ had found Plaintiff to be not entirely credible. Tr. 426.

The ALJ also noted William Ferguson, M.D., a treating physician, performed a fitness-for-duty examination of Plaintiff

on February 15, 2001, and noted Plaintiff was working full time but had requested to work only 20-30 hours per week. Tr. 245. Dr. Ferguson concurred with Plaintiff's other treating physicians, Rhonda Simpson, M.D., and Sidney Cassell, M.D.: "I think that in patient's [*sic*] with fibromyalgia, that she should continue to work," but only on the day shift. Tr. 246. Dr. Cassell reported he "would be willing to write a letter advising [Plaintiff's] employer that she probably would feel better off [of] graveyard [shift]; but such a letter could conceivably threaten her job, and she needs to be careful before she decides I should write it." Tr. 220. Dr. Cassell also reported to Dr. Simpson that he supported "[i]f it is as all possible that [Plaintiff] keep her job but work less than full time . . . [which] is probably desirable." Tr. 215.

In summary, the record reflects Dr. Phillips's opinion that Plaintiff could not work 20 hours per week is contradicted by the opinions of other treating physicians. On this record, therefore, the Court finds the ALJ provided specific and legitimate reasons supported by substantial evidence in the record for rejecting Dr. Phillips's opinion.

Accordingly, the Court concludes the ALJ did not err when she rejected Dr. Phillips's opinion.

**III. The ALJ did not err when she found Plaintiff retained the ability to perform her past relevant work as a part-time dispatcher.**

Plaintiff contends the ALJ erred when she found Plaintiff retained the ability to perform her past relevant work as a part-time dispatcher.

Plaintiff has the burden to show she cannot perform her past relevant work. 20 C.F.R. §§ 404.1512(a), 404.1520(f). *See also Barnhart v. Thomas*, 540 U.S. 20, 25 (2003)("unless [a claimant] shows . . . [s]he cannot [perform past relevant work], [s]he is determined not to be disabled.").

In determining Plaintiff retained the ability to perform her past relevant work as a part-time dispatcher, the ALJ relied on the testimony of the VE. At the hearing, the ALJ proposed a hypothetical to the VE that included limitations of light work; no ropes, ladders, scaffolds, or high levels of dust; access to a bathroom; and working only twenty hours per week. Tr. 772-73. The VE noted Plaintiff's past relevant work as a part-time dispatcher was 20 hours per week and it is sedentary and skilled. Tr. 773. Based on the ALJ's hypothetical, the VE opined Plaintiff could perform her past relevant work as a part-time dispatcher. Tr. 773. The VE testified Plaintiff would not be able to perform her past

relevant work, however, if she had two or more absences per month or if she had to lie down or recline during the work day. Tr. 773, 775.

Plaintiff contends the ALJ erred because she did not consider Plaintiff's alleged limitations of having to miss two days of work per month and the need to lie down during the work day. As noted, however, the Court has concluded the ALJ did not err when she rejected Dr. Phillips's opinion that Plaintiff would miss two days of work per month and would need to rest during the work day. The ALJ, therefore, properly excluded these limitations from her final assessment of Plaintiff's ability to perform her past relevant work. "The hypothetical that the ALJ posed to the VE contained all of the limitations that the ALJ found credible and supported by substantial evidence in the record. The ALJ's reliance on testimony the VE gave in response to the hypothetical therefore was proper." *Bayliss v. Barnhart*, 427 F.3d 1211, 1217-18 (9th Cir. 2005)(citing *Magallanes v. Bowen*, 881 F.2d 747, 756-57 (9th Cir.1989)(holding that it is proper for an ALJ to limit a hypothetical to restrictions supported by substantial evidence in the record)).

On this record, therefore, the Court concludes the ALJ did not err when she found Plaintiff retained the ability to perform her past relevant work as a part-time dispatcher.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 11th day of January, 2008.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge